Sealed
Public and unofficial staff access to this instrument are prohibited by court order

United States Courts
Southern District of Texas
FILED

*December 03, 2024*

Nathan Ochsner, Clerk of Court

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § § | |
| v. § § | Criminal No. **4:24-cr-608** |
| **JOEY LAMAR ELLIS** § | **UNDER SEAL** |

## INDICTMENT

THE GRAND JURY CHARGES:

### INTRODUCTION

1. The Defendant, **JOEY LAMAR ELLIS**, was employed by the City of Houston, Parks & Recreation Department, as an Urban Park Ranger from on or about November 2019 through June 2024.

2. The job of an Urban Park Ranger is to provide general protection and information to the public on the use of urban park areas and to promote public safety and proper use of parks and facilities.

3. Urban Parks Rangers are not sworn law enforcement officers, and they do not have the authority to arrest persons or to charge persons with crimes.

4. Urban Park Rangers are provided a uniform to wear while on duty, which includes a shirt and jacket bearing a seal and the name of the Houston Parks & Recreation Department, along with a silver metal badge bearing the seal of the City of the Houston that can be pinned to clothing. Additionally, Urban Park Rangers may be provided with a vehicle to use while on duty, which is a truck equipped with overhead lights and which bears an insignia and the name of the Houston Parks and Recreation Department.

5. Urban Park Rangers are not permitted to possess a firearm while on duty.

6. From at least on or about February 2024 through June 2024, the Defendant repeatedly abused his authority as an Urban Park Ranger. Although each event in which he abused his authority was different, they generally followed a similar pattern.

7. During one or more of these events, the Defendant was on duty working as an Urban Park Ranger during an overnight shift, wearing his uniform and badge and driving a city issued vehicle.

8. During one or more of these events, the Defendant possessed a firearm.

9. During these events, the Defendant stopped and detained members of the public, (henceforth, "victims") who were using one of the City of Houston's parks.

10. During one or more of these events, the Defendant activated the lights on his vehicle and positioned it in such a way as to prevent his victim from leaving in their own vehicle.

11. During one or more of these events, the Defendant seized the victim's driver's license and cellular phone.

12. During one or more of these events, the Defendant accused his victim of trespassing in the park. During one or more of these events, the Defendant accused his victim, who was male, of being in the park in order to have sex with another male.

13. During one or more of these events, the Defendant threatened his victim by falsely telling them that the victim was committing a felony and that the victim would be arrested, their car towed, and that the victim would be sent to and held in jail.

14. During one or more of these events, the Defendant told his victim that the victim could avoid being arrested, car being towed, and being sent to and held in jail by paying money to the Defendant. During one or more of these events, the Defendant characterized this payment as a "drop tow fee."

15. During one or more of these events, the Defendant instructed his victim to pay him in cash and by using a mobile peer to peer payment application such as Zelle and CashApp.

16. During one or more of these events, the Defendant permitted and instructed his victim to call friends and family members so that they would give the victim money to pay the Defendant.

17. During one or more of these events, the Defendant detained his victim while the victim's friend was permitted to leave the park, withdraw money at an automatic teller machine, and return to the park with the money to give to the Defendant in order for the victim to be released.

18. During one or more of these events, the Defendant searched his victim, his victim's possessions including a cell phone, and his victim's vehicle.

19. During one or more of these events, the Defendant physically assaulted his victim.

20. During one or more of these events, the Defendant made his victim aware that he was in possession of a firearm. During one or more of these events, the Defendant touched, gestured and withdrew a firearm in such a way as to threaten his victim. During one or more of these events, the Defendant pointed a firearm at his victim.

21. During one or more of these events, the Defendant ordered his victim to strip without consent.

22. During one or more of these events, the Defendant groped his victim without consent.

23. During one or more of these events, the Defendant sexually assaulted his victim without consent.

24. During one or more of these events, the Defendant instructed his victim to not tell anyone about this event.

25. During one or more of these events, the Defendant used his city vehicle, with overhead lights activated, to give chase to a victim who managed to escape his custody.

26. During one or more of these events, the Defendant instructed his victim to contact others to come to the park so that the Defendant could commit the same or a similar crime against them.

27. Paragraphs 1 – 26 are incorporated into each of the counts listed below.

## COUNT ONE
**Deprivation of Rights Under Color of Law**
**(18 U.S.C. § 242)**

On or about June 10 and 11, 2024, in the Southern District of Texas and within the jurisdiction of the Court, the Defendant,

**JOEY LAMAR ELLIS,**

while acting under color of law as an urban park ranger with the City of Houston, Parks and Recreation Department, instructed Victim #1 (JLB) to strip without his consent, thereby willfully depriving this victim of liberty without due process of law, which includes the rights to bodily integrity and bodily privacy and to be secure against unreasonable search and seizure, rights protected by the Constitution and laws of the United States. This act included the use, attempted use, and threatened use of a dangerous weapon, and kidnapping.

**In violation of 18 U.S.C. § 242.**

## COUNT TWO
**Deprivation of Rights Under Color of Law**
**(18 U.S.C. § 242)**

On or about June 10 and 11, 2024, in the Southern District of Texas and within the jurisdiction of the Court, the Defendant,

**JOEY LAMAR ELLIS,**

while acting under color of law as an urban park ranger with the City of Houston, Parks and Recreation Department, instructed Victim #1 (JLB) to pay money to avoid being arrested, taken to jail, car towed, and charged with a crime, thereby willfully depriving this victim of liberty without due process of law, which includes the right not to be deprived of property without the due process of law, a right protected by the Constitution and laws of the United States. This act included the use, attempted use, and threatened use of a dangerous weapon, and kidnapping.

**In violation of 18 U.S.C. § 242.**

## COUNT THREE
### Brandishing a Firearm During and in Relation to a Crime of Violence
### (18 U.S.C. § 924(c)(1)(A))

On or about June 10 and 11, 2024, in the Southern District of Texas and within the jurisdiction of the Court, the Defendant,

**JOEY LAMAR ELLIS,**

did knowingly brandish, carry and use a firearm, that is, a .380 caliber Smith & Wesson Model MP 380 Shield EZ Semi-Automatic Pistol, serial number RFH2977, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, a color of law crime as charged in Count One of this Indictment, in violation of 18 U.S.C. § 242 and a color of law crime charged is Count Two of this Indictment in violation of 18 U.S.C. § 242.

**In violation of 18 U.S.C. § 924(c)(1)(A).**

## COUNT FOUR
### Obstruction of Justice – Witness Tampering
### (18 U.S.C. § 1512(b)(3))

On or about June 10 and 11, 2024, in the Southern District of Texas and within the

jurisdiction of the Court, the Defendant,

**JOEY LAMAR ELLIS,**

did knowingly intimidate, threaten, corruptly persuade, and engage in misleading conduct toward Victim #1 (JLB) by instructing Victim #1 (JLB) not to tell anyone about the events of June 10 and 11, 2024, or face prosecution, with the intent to hinder, delay, and prevent the communication to a law enforcement officer of information relating to the possible commission of a Federal offense, to wit a violation of a constitutional right as described in Counts One and Two.

**In violation of 18 U.S.C. § 1512(b)(3).**

### COUNT FIVE
**Deprivation of Rights Under Color of Law**
**(18 U.S.C. § 242)**

On or about February 1, 2024 through April 22, 2024, in the Southern District of Texas and within the jurisdiction of the Court, the Defendant,

**JOEY LAMAR ELLIS,**

while acting under color of law as an urban park ranger with the City of Houston, Parks and Recreation Department, engaged in a sexual act with Victim #2 (CS) without his consent, thereby willfully depriving this victim of liberty without due process of law, which includes the right to bodily integrity, a right protected by the Constitution and laws of the United States. This act included kidnapping, aggravated sexual abuse and attempted aggravated sexual abuse.

**In violation of 18 U.S.C. §§ 242 and 250(a) and (b)(1).**

### COUNT SIX
**Deprivation of Rights Under Color of Law**
**(18 U.S.C. § 242)**

On or about February 1, 2024 through April 22, 2024, in the Southern District of Texas

and within the jurisdiction of the Court, the Defendant,

**JOEY LAMAR ELLIS,**

while acting under color of law as an urban park ranger with the City of Houston, Parks and Recreation Department, instructed Victim #2 (CS) to pay money to avoid being arrested, taken to jail, car towed, and charged with a crime, thereby willfully depriving this victim of liberty without due process of law, which includes the right not to be deprived of property without the due process of law, a right protected by the Constitution and laws of the United States. This act included kidnapping, aggravated sexual abuse and attempted aggravated sexual abuse.

**In violation of 18 U.S.C. §§ 242 and 250(a) and (b)(1).**

### COUNT SEVEN
### Obstruction of Justice – Witness Tampering
### (18 U.S.C. § 1512(b)(3))

On or about February 1, 2024 through April 22, 2024, in the Southern District of Texas and within the jurisdiction of the Court, the Defendant,

**JOEY LAMAR ELLIS,**

did knowingly intimidate, threaten, corruptly persuade, and engage in misleading conduct toward Victim #2 (CS) by threatening Victim #2 (CS) with injury if he reported a crime, with the intent to hinder, delay, and prevent the communication to a law enforcement officer of information relating to the possible commission of a Federal offense, to wit a violation of a constitutional right as described in Counts Five and Six.

**In violation of 18 U.S.C. § 1512(b)(3).**

### COUNT EIGHT
### Deprivation of Rights Under Color of Law
### (18 U.S.C. § 242)

On or about April 22, 2024, in the Southern District of Texas and within the jurisdiction of the Court, the Defendant,

**JOEY LAMAR ELLIS,**

while acting under color of law as an urban park ranger with the City of Houston, Parks and Recreation Department, did chase and attempt to assault Victim #2 (CS) with a vehicle, thereby willfully depriving this victim of liberty without the due process of law, which includes the right to be free from the use of reasonable force, a right protected by the Constitution and laws of the United States. This act included use, attempted use, and threatened use of a dangerous weapon, and attempted kidnapping.

**In violation of 18 U.S.C. § 242.**

### COUNT NINE
**Deprivation of Rights Under Color of Law**
**(18 U.S.C. § 242)**

On or about March 3, 2024, in the Southern District of Texas and within the jurisdiction of the Court, the Defendant,

**JOEY LAMAR ELLIS,**

while acting under color of law as an urban park ranger with the City of Houston, Parks and Recreation Department, instructed Victim #3 (DB) to pay money to avoid being arrested, taken to jail, car towed, and charged with a crime, thereby willfully depriving this victim of liberty without due process of law, which includes the right not to be deprived of property without the due process of law, a right protected by the Constitution and laws of the United States. This act included kidnapping.

**In violation of 18 U.S.C. § 242.**

**COUNT TEN**
**Deprivation of Rights Under Color of Law**
**(18 U.S.C. § 242)**

On or about March 3, 2024, in the Southern District of Texas and within the jurisdiction of the Court, the Defendant,

**JOEY LAMAR ELLIS,**

while acting under color of law as an urban park ranger with the City of Houston, Parks and Recreation Department, groped Victim #3 (DB) and instructed him to strip without his consent by using force and threats and placing Victim #3 (DB) in fear of serious bodily injury and kidnapping, thereby willfully depriving this victim of liberty without due process of law, which includes the rights to be secure against unreasonable searches and seizures, to bodily integrity, and to bodily privacy, rights protected by the Constitution and laws of the United States. This act included kidnapping and abusive sexual contact.

**In violation of 18 U.S.C. §§ 242 and 250(a) and (b)(4).**

**COUNT ELEVEN**
**Deprivation of Rights Under Color of Law**
**(18 U.S.C. § 242)**

On or about March 12, 2024, in the Southern District of Texas and within the jurisdiction of the Court, the Defendant,

**JOEY LAMAR ELLIS,**

while acting under color of law as an urban park ranger with the City of Houston, Parks and Recreation Department, did assault Victim #4 (SH), thereby willfully depriving this victim of liberty without the due process of law, which includes the right to be free from the use of reasonable force, a right protected by the Constitution and laws of the United States. This act

included bodily injury, use, attempted use, and threatened use of a dangerous weapon, and kidnapping.

**In violation of 18 U.S.C. § 242.**

### COUNT TWELVE
**Deprivation of Rights Under Color of Law**
**(18 U.S.C. § 242)**

On or about March 12, 2024, in the Southern District of Texas and within the jurisdiction of the Court, the Defendant,

**JOEY LAMAR ELLIS,**

while acting under color of law as an urban park ranger with the City of Houston, Parks and Recreation Department, instructed Victim #4 (SH) to pay money to avoid being arrested, taken to jail, car towed, and charged with a crime, thereby willfully depriving this victim of liberty without due process of law, which includes the right not to be deprived of property without the due process of law, a right protected by the Constitution and laws of the United States. This act included bodily injury, use, attempted use, and threatened use of a dangerous weapon, and kidnapping.

**In violation of 18 U.S.C. § 242.**

### COUNT THIRTEEN
**Brandishing a Firearm During and in Relation to a Crime of Violence**
**(18 U.S.C. § 924(c)(1)(A))**

On or about March 12, 2024, in the Southern District of Texas and within the jurisdiction of the Court, the Defendant,

**JOEY LAMAR ELLIS,**

did knowingly brandish, carry and use a firearm, that is, a .380 caliber Smith & Wesson Model MP 380 Shield EZ Semi-Automatic Pistol, serial number RFH2977, during and in relation to a

crime of violence for which he may be prosecuted in a court of the United States, that is, a color of law crime as charged in Count Eleven of this Indictment in violation of 18 U.S.C. § 242, and a color of law crime charged is Count Twelve of this Indictment in violation of 18 U.S.C. § 242.

**In violation of 18 U.S.C. § 924(c)(1)(A).**

## COUNT FOURTEEN
**Deprivation of Rights Under Color of Law**
**(18 U.S.C. § 242)**

On or about March 17, 2024, in the Southern District of Texas and within the jurisdiction of the Court, the Defendant,

**JOEY LAMAR ELLIS,**

while acting under color of law as an urban park ranger with the City of Houston, Parks and Recreation Department, instructed Victim #5 (BF) to pay money to avoid being arrested, taken to jail, car towed, and charged with a crime, thereby willfully depriving this victim of liberty without due process of law, which includes the right not to be deprived of property without the due process of law, a right protected by the Constitution and laws of the United States. This act included kidnapping.

**In violation of 18 U.S.C. § 242.**

## COUNT FIFTEEN
**Deprivation of Rights Under Color of Law**
**(18 U.S.C. § 242)**

On or about March 25, 2024, in the Southern District of Texas and within the jurisdiction of the Court, the Defendant,

**JOEY LAMAR ELLIS,**

while acting under color of law as an urban park ranger with the City of Houston, Parks and

Recreation Department, did assault Victim #6 (PWC), thereby willfully depriving this victim of liberty without the due process of law, which includes the right to be free from the use of reasonable force, a right protected by the Constitution and laws of the United States. This act included bodily injury, use, attempted use, and threatened use of a dangerous weapon, and kidnapping.

**In violation of 18 U.S.C. § 242.**

### COUNT SIXTEEN
### Deprivation of Rights Under Color of Law
### (18 U.S.C. § 242)

On or about March 25, 2024, in the Southern District of Texas and within the jurisdiction of the Court, the Defendant,

**JOEY LAMAR ELLIS,**

while acting under color of law as an urban park ranger with the City of Houston, Parks and Recreation Department, instructed Victim #6 (PWC) to pay money to avoid being arrested, taken to jail, car towed, and charged with a crime, thereby willfully depriving this victim of liberty without due process of law, which includes the right not to be deprived of property without the due process of law, a right protected by the Constitution and laws of the United States. This act included bodily injury, use, attempted use, and threatened use of a dangerous weapon, and kidnapping.

**In violation of 18 U.S.C. § 242.**

### COUNT SEVENTEEN
### Brandishing a Firearm During and in Relation to a Crime of Violence
### (18 U.S.C. § 924(c)(1)(A))

On or about March 25, 2024, in the Southern District of Texas and within the jurisdiction

of the Court, the Defendant,

**JOEY LAMAR ELLIS,**

did knowingly brandish, carry and use a firearm, that is, a .380 caliber Smith & Wesson Model MP 380 Shield EZ Semi-Automatic Pistol, serial number RFH2977, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, a color of law crime as charged in Count Fifteen of this Indictment, in violation of 18 U.S.C. § 242 and a color of law crime charged is Count Sixteen of this Indictment in violation of 18 U.S.C. § 242.

**In violation of 18 U.S.C. § 924(c)(1)(A).**

## COUNT EIGHTEEN
### Deprivation of Rights Under Color of Law
### (18 U.S.C. § 242)

On or about March 18, 2024, in the Southern District of Texas and within the jurisdiction of the Court, the Defendant,

**JOEY LAMAR ELLIS,**

while acting under color of law as an urban park ranger with the City of Houston, Parks and Recreation Department, groped Victim #7 (MDZ) without his consent, thereby willfully depriving this victim of liberty without due process of law, which includes the rights to be secure against unreasonable seizures, to bodily integrity, and to bodily privacy, rights protected by the Constitution and laws of the United States. This act included kidnapping and abusive sexual contact through clothing.

**In violation of 18 U.S.C. §§ 242 and 250(a) and (b)(6).**

## COUNT NINETEEN
### Deprivation of Rights Under Color of Law
### (18 U.S.C. § 242)

On or about March 18, 2024, in the Southern District of Texas and within the jurisdiction of the Court, the Defendant,

**JOEY LAMAR ELLIS,**

while acting under color of law as an urban park ranger with the City of Houston, Parks and Recreation Department, instructed Victim #7 (MDZ) to pay money to avoid being arrested, taken to jail, car towed, and charged with a crime, thereby willfully depriving this victim of liberty without due process of law, which includes the right not to be deprived of property without the due process of law, a right protected by the Constitution and laws of the United States. This act included kidnapping and abusive sexual contact through clothing.

**In violation of 18 U.S.C. §§ 242 and 250(a) and (b)(6).**

## COUNT TWENTY
### Deprivation of Rights Under Color of Law
### (18 U.S.C. § 242)

On or about April 23, 2024, in the Southern District of Texas and within the jurisdiction of the Court, the Defendant,

**JOEY LAMAR ELLIS,**

while acting under color of law as an urban park ranger with the City of Houston, Parks and Recreation Department, instructed Victim #8 (RMR) to pay money to avoid being arrested, taken to jail, car towed, and charged with a crime, thereby willfully depriving this victim of liberty without due process of law, which includes the right not to be deprived of property without the due process of law, a right protected by the Constitution and laws of the United States. This act included kidnapping.

**In violation of 18 U.S.C. § 242.**

**NOTICE OF FORFEITURE**
**(18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))**

Pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), the United States of America hereby gives notice that upon conviction of Count Three or Count Five, all firearms and ammunition involved in, or used in any knowing violation of section 924, is subject to forfeiture to the United States, including but not limited to the following: a .380 caliber Smith & Wesson Model MP 380 Shield EZ Semi-Automatic Pistol, serial number RFH2977

                        A TRUE BILL

                        Original Signature on File

                        _____
                        GRAND JURY FOREPERSON

ALAMADAR S. HAMDANI
United States Attorney

By: _____
SHARAD S. KHANDELWAL
REBEKAH SAUNDERS
Assistant United States Attorneys
713-567-9000