UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Criminal No. 4-24-CR-608 |
| JOEY LAMAR ELLIS | § § | |

## UNOPPOSED MOTION TO DESIGNATE CASE AS COMPLEX AND FOR A CONTINUANCE

The United States of America through Alamdar S. Hamdani, United States Attorney, and Sharad S. Khandelwal and Rebekah Saunders, Assistant United States Attorneys, respectfully moves that the Court designate this case as complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) to continue the current motions and trial schedule, including the trial date.

Under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*("Act"), a defendant's trial must generally commence within 70 days of their indictment or first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). The Act, however, excludes certain periods from this computation, including continuances granted for complex cases.

The Court may toll the 70-day period by granting a continuance based on the Court's finding that the ends of justice served by granting a continuance outweigh

1

the best interest of the public and the defendant in a speedy trial. *Id.* at § 3161(h)(7)(A). In determining whether to grant a continuance under this provision, the Court must consider the below applicable factors as such as:

    (1)    whether the failure to grant such a continuance would result in a miscarriage of justice;

    (2)    whether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the prescribed time limit; and

    (3)    whether the failure to grant such a continuance, which, taken as a whole, is not so unusual or so complex as to fall within the above provision, would deny counsel for the defendant or attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

*Id.* at §§ 3161(h)(7)(B)(i), (ii) & (iv).

In addition to the nature of the case and the number of defendants, courts have also considered the volume of discovery and investigative materials in designating cases as complex. *See e.g.*, *United States v. Edelkind*, 525 F.3d 388, 397 (5th Cir. 2008) (noting that the district court had designated a criminal child support case as complex due to voluminous documents, sealed documents, and the logistical complications caused by Hurricane Katrina). Further, as the Fifth Circuit has recognized, a designation based on the volume of discovery and complexity of the

case, is consistent with cases interpreting the Act. *See e.g.*, *United States v. Bieganowski*, 313 F.3d 264, 282 (5th Cir. 2002) (upholding a continuance based on an "ends of justice" analysis after the district court designated the case complex based on the high volume of discovery); *United States v. Eversole*, 783 F. Supp. 2d 972, 975 n. 5 (S.D. Tex. 2011) (granting an "ends of justice" continuance, based in part, on the amount of discovery involved).

Applying these considerations here, the United States respectfully requests that the case be certified as complex. The Indictment in this case currently involves eight separate victims who dealt with the Defendant on at least nine separate events spanning over a period of time from February to June 2024. Furthermore, the Defendant faces twenty charges ranging from federal civil rights violations to possession of a firearm during a crime of violence to obstruction of justice. Discovery connected to these matters is expected to be voluminous. Finally, the grand jury continues to investigate this case as the United States has identified many more potential victims of the Defendant. The United States fully expects to present at least one superseding indictment in this case addressing the Defendant's coduct towards these additional victims.

The United States respectfully requests the Court designate this case as complex as adequate preparation for trial would be unreasonable within the 70 days

3

prescribed by the Act, and that an "ends of justice" continuance be granted. This would be the first continuance requested after the Indictment was returned in this case as well as the first continuance requested by the United States.

The parties have conferred about this motion, and the Defendant is unopposed.

**CONCLUSION**

The United States respectfully requests that the Court designate this case as complex, tolling the time limits under the Speedy Trial Act, continue all deadlines, and issue a revised Scheduling Order reflecting a trial date the Court deems appropriate, considering the matters stated herein.

Respectfully submitted,

ALAMDAR S. HAMDANI
United States Attorney

By:   */s/ Sharad S. Khandelwal*
SHARAD S. KHANDELWAL
REBEKAH SAUNDERS
Assistant United States Attorneys
U.S. Attorney's Office, S.D. Texas
Tel: (713) 567-9000

## Certificate of Service

I certify that, on the date this was filed with the Court, a copy of the foregoing was provided to counsel for defendant via ECF and/or e-mail.

>  */s/ Sharad S. Khandelwal*
> SHARAD S. KHANDELWAL
> Assistant U.S. Attorney

## Certificate of Conference

I certify that undersigned counsel for the United States spoke to counsel for the Defendant, who has no objection to this motion.

> */s/ Sharad S. Khandelwal*
> SHARAD S. KHANDELWAL
> Assistant U.S. Attorney