United States Courts
Southern District of Texas
FILED
*May 12, 2026*
Nathan Ochsner, Clerk of Court

PLAINTIFF'S EXHIBIT A First Am. Complaint

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. 24-CR-608 |
| | § | |
| JOEY LAMAR ELLIS | § | |

United States Courts
Southern District of Texas
FILED
OCT 08 2026
Nathan Ochsner, Clerk of Court

## FIRST SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, and incorporated into each Count:

### I. Constitutional Rights

1. The United States Constitution identifies a series of rights possessed by any person in the United States and prohibits the federal government and its agents from violating these rights.

2. The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution extends that protection by prohibiting the state and local governments, and their agents, from violating these rights.

3. Among the many specific rights protected by the U.S. Constitution, as extended by the Fourteenth Amendment, are the right to be secure against unreasonable searches and seizures, the right not to be deprived of property without the due process of law, the right to be free from the use of unreasonable force, and the right to bodily integrity and bodily privacy.

### II. City of Houston Urban Park Rangers

4. The City of Houston employs "Urban Park Rangers." The job of an Urban Park Ranger is to provide information to the public on the use of urban park areas and to promote public safety and proper use of parks and facilities.

5. Urban Park Rangers are not sworn law enforcement officers, and they do not have the authority to arrest and charge members of the public with crimes.

6. Urban Park Rangers are not permitted to possess a firearm while on duty.

7. Urban Park Rangers are provided with a uniform to wear while on duty, which includes a shirt and jacket bearing a seal and the name of the Houston Parks & Recreation Department, along with a silver metal badge bearing the seal of the City of Houston that can be pinned to clothing. Additionally, Urban Park Rangers may be provided with a vehicle to use while on duty, which is a truck equipped with overhead lights and which bears an insignia and the name of the Houston Parks and Recreation Department.

## III. Defendant Joey Lamar Ellis

8. The Defendant, **JOEY LAMAR ELLIS**, was employed by the City of Houston, Parks & Recreation Department, as an Urban Park Ranger from on or about November 2019 through on or about June 2024.

9. From at least on or about December 2023 through June 2024, Defendant Ellis repeatedly abused his authority as an Urban Park Ranger. Although each event in which he abused his authority was different, they generally followed a similar pattern.

10. During one or more of these events, Defendant Joey Ellis was on duty working as an Urban Park Ranger during an overnight shift, wearing his uniform and badge and driving a city issued vehicle.

11. During one or more of these events, the Defendant possessed a firearm.

12. During these events, the Defendant detained members of the public (henceforth, "victims") who were at a City of Houston park.

13. During one or more of these events, the Defendant activated the lights on his city

vehicle and positioned it in such a way as to prevent victims from leaving in their own vehicles.

14. During one or more of these events, the Defendant searched his victim, his victim's possessions including a cell phone, and his victim's vehicle.

15. During one or more of those events, the Defendant seized his victim's identification card and cellular phone.

16. During one or more of these events, the Defendant accused his victim of committing a crime, including trespassing and solicitation, in the park.

17. During one or more of these events, the Defendant threatened his victim by falsely informing them that they would be charged, imprisoned, and their car towed.

18. During one or more of these events, the Defendant instructed his victim that they could avoid this by paying him money, and, as a result, obtained money from them. The Defendant often characterized this payment as a "drop tow fee."

19. During one or more of these events, the Defendant instructed his victim to pay him in cash and by using a mobile peer to peer payment application such as Zelle and CashApp.

20. During one or more of these events, the Defendant instructed his victim to call friends and family members so that they could transfer money to the victim to pay the Defendant.

21. During one or more of these events, the Defendants instructed his victim to go to an automatic teller machine while he retained their personal property, and to return to the park with the money in order to get their personal property back. During one or more of these events, the Defendant detained his victim while the victim's friend was permitted to leave the park, withdraw money using an automatic teller machine, and return to the park with the money in order for the victim to be released.

22. During one or more of these events, the Defendant physically assaulted his victim.

23. During one or more of these events, the Defendant made his victim aware that he was in possession of a firearm. During one or more of these events, the Defendant touched, gestured and withdrew a firearm in such a way as to threaten his victim. During one or more of these events, the Defendant pointed a firearm at his victim.

24. During one or more of these events, the Defendant ordered his victim to strip without their consent.

25. During one or more of these events, the Defendant groped his victim without their consent.

26. During one or more of these events, the Defendant engaged in a sexual act with his victim without their consent.

27. During one or more of these events, the Defendant instructed his victim to not tell anyone about this event.

28. During one or more of these events, the Defendant instructed his victim to contact others to come to the park so that the Defendant could commit the same or a similar crime against them.

29. Paragraphs 1 – 29 are incorporated into each of the counts listed below.

**<u>COUNT ONE</u>**
**Deprivation of Rights Under Color of Law**
**(18 U.S.C. § 242)**

On or about December 18, 2023, in the Southern District of Texas and within the jurisdiction of the Court, the Defendant,

**JOEY LAMAR ELLIS,**

while acting under color of law as an urban park ranger with the City of Houston, Parks and

Recreation Department, willfully deprived Victim A of liberty without due process of law, which includes the right to be secure against unreasonable searches and seizures and the right not to be deprived of property without the due process of law, all of which are rights protected by the Constitution and laws of the United States. Specifically, the Defendant detained Victim A in a city park, searched and seized his phone, and stated that he would be charged with a crime. The Defendant told him he could pay money to avoid this and as a result, obtained money from him. These acts included kidnapping.

**In violation of 18 U.S.C. § 242.**

**COUNT TWO**
**Deprivation of Rights Under Color of Law**
**(18 U.S.C. § 242)**

On or about January 30, 2024, in the Southern District of Texas and within the jurisdiction of the Court, the Defendant,

**JOEY LAMAR ELLIS,**

while acting under color of law as an urban park ranger with the City of Houston, Parks and Recreation Department, willfully deprived Victim B of liberty without due process of law, which includes the right to be secure against unreasonable searches and seizures, the right not to be deprived of property without the due process of law, the right to be free from the use of unreasonable force, and the right to bodily integrity and bodily privacy, all of which are rights protected by the Constitution and laws of the United States. Specifically, the Defendant detained Victim B in a city park and stated that he would be charged with a crime, imprisoned, and his car towed. The Defendant told him he could pay money to avoid this and, as a result, obtained money from him. The Defendant also engaged in sexual acts with Victim B without his consent. These

acts resulted in bodily injury and included kidnapping, sexual abuse, and aggravated sexual abuse.

**In violation of 18 U.S.C. § 242 and 18 U.S.C. § 250(b)(1).**

**COUNT THREE**
**Deprivation of Rights Under Color of Law**
**(18 U.S.C. § 242)**

On or about February 11, 2024, in the Southern District of Texas and within the jurisdiction of the Court, the Defendant,

**JOEY LAMAR ELLIS,**

while acting under color of law as an urban park ranger with the City of Houston, Parks and Recreation Department, willfully deprived Victim C of liberty without due process of law, which includes the right to be secure against unreasonable searches and seizures and the right not to be deprived of property without the due process of law, all of which are rights protected by the Constitution and laws of the United States. Specifically, the Defendant detained Victim C in a city park, searched him and his vehicle, seized his phone and wallet, and stated that he would be charged with a crime, imprisoned, and his car towed. The Defendant told him he could pay money to avoid this and, as a result, obtained money from him. These acts included kidnapping.

**In violation of 18 U.S.C. § 242.**

**COUNT FOUR**
**Deprivation of Rights Under Color of Law**
**(18 U.S.C. § 242)**

On or about March 3, 2024, in the Southern District of Texas and within the jurisdiction of the Court, the Defendant,

**JOEY LAMAR ELLIS,**

while acting under color of law as an urban park ranger with the City of Houston, Parks and

Recreation Department, willfully deprived Victim D of liberty without due process of law, which includes the right to be secure against unreasonable searches and seizures, the right not to be deprived of property without the due process of law, and the right to bodily integrity and bodily privacy, all of which are rights protected by the Constitution and laws of the United States. Specifically, the Defendant detained and searched Victim D and stated that he would be charged with a crime, imprisoned, and his car towed. The Defendant told him he could pay money to avoid this and, as a result, obtained money from him. The Defendant had Victim D strip and fondled him without his consent. These acts included kidnapping and abusive sexual contact.

**In violation of 18 U.S.C. § 242 and 18 U.S.C. §§ 250(b)(4)(A) and (b)(5)(A).**

## COUNT FIVE
**Deprivation of Rights Under Color of Law**
**(18 U.S.C. § 242)**

On or about March 11, 2024, in the Southern District of Texas and within the jurisdiction of the Court, the Defendant,

**JOEY LAMAR ELLIS,**

while acting under color of law as an urban park ranger with the City of Houston, Parks and Recreation Department, willfully deprived Victim E of liberty without due process of law, which includes the right to be secure against unreasonable searches and seizures, the right not to be deprived of property without the due process of law, and the right to be free from the use of unreasonable force, all of which are rights protected by the Constitution and laws of the United States. Specifically, the Defendant detained Victim E in a city park, searched him and his phone, brandished a firearm, and threw him to the ground. The Defendant stated that he would be charged a crime, imprisoned, and his car towed. The Defendant told him he could pay money to avoid this and, as a result, obtained money from him. These acts resulted in bodily injury and

included use, attempted use, and threatened use of a dangerous weapon, and kidnapping.

**In violation of 18 U.S.C. § 242.**

**COUNT SIX**
**Brandishing a Firearm During and in Relation to a Crime of Violence**
**(18 U.S.C. § 924(c)(1)(A))**

On or about March 11, 2024, in the Southern District of Texas and within the jurisdiction of the Court, the Defendant,

**JOEY LAMAR ELLIS,**

did knowingly brandish, carry and use a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, a violation of a constitutional right under color of law in violation of 18 U.S.C. § 242 as specified in Count Five.

**In violation of 18 U.S.C. § 924(c)(1)(A).**

**COUNT SEVEN**
**Deprivation of Rights Under Color of Law**
**(18 U.S.C. § 242)**

On or about March 17, 2024, in the Southern District of Texas and within the jurisdiction of the Court, the Defendant,

**JOEY LAMAR ELLIS,**

while acting under color of law as an urban park ranger with the City of Houston, Parks and Recreation Department, willfully deprived Victim F of liberty without due process of law, which includes the right to be secure against unreasonable searches and seizures and the right not to be deprived of property without the due process of law, all of which are rights protected by the Constitution and laws of the United States. Specifically, the Defendant detained Victim F in a city park and stated that he would be charged with a crime, imprisoned, and his car towed. The

Defendant told him he could pay money to avoid this and, as a result, obtained money from him. These acts included kidnapping.

**In violation of 18 U.S.C. § 242.**

## <u>COUNT EIGHT</u>
## Deprivation of Rights Under Color of Law
## (18 U.S.C. § 242)

On or about March 25, 2024, in the Southern District of Texas and within the jurisdiction of the Court, the Defendant,

**JOEY LAMAR ELLIS,**

while acting under color of law as an urban park ranger with the City of Houston, Parks and Recreation Department, willfully deprived Victim G of liberty without due process of law, which includes the right to be secure against unreasonable searches and seizures, the right not to be deprived of property without the due process of law, and the right to be free from the use of unreasonable force, all of which are rights protected by the Constitution and laws of the United States. Specifically, the Defendant detained Victim G, stated that he would be charged with a crime, imprisoned, and his car towed. The Defendant told him he could pay money to avoid these consequences, physically restrained him, and brandished a firearm. As a result, the Defendant obtained money from him. These acts resulted in bodily injury and included use, attempted use, and threatened use of a dangerous weapon, and kidnapping.

**In violation of 18 U.S.C. § 242.**

## <u>COUNT NINE</u>
## Brandishing a Firearm During and in Relation to a Crime of Violence
## (18 U.S.C. § 924(c)(1)(A))

On or about March 25, 2024, in the Southern District of Texas and within the jurisdiction

of the Court, the Defendant,

**JOEY LAMAR ELLIS,**

did knowingly brandish, carry and use a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, a violation of a constitutional right under color of law in violation of 18 U.S.C. § 242 as specified in Count Eight.

**In violation of 18 U.S.C. § 924(c)(1)(A).**

## COUNT TEN
**Deprivation of Rights Under Color of Law**
**(18 U.S.C. § 242)**

On or about March 30, 2024, in the Southern District of Texas and within the jurisdiction of the Court, the Defendant,

**JOEY LAMAR ELLIS,**

while acting under color of law as an urban park ranger with the City of Houston, Parks and Recreation Department, willfully deprived Victim H of liberty without due process of law, which includes the right to be secure against unreasonable searches and seizures, and the right not to be deprived of property without the due process of law, all of which are rights protected by the Constitution and laws of the United States. Specifically, the Defendant detained Victim H in a city park, and stated he would be charged with a crime, imprisoned, and his car towed. The Defendant told him he could pay money to avoid this and, as a result, obtained money from him. These acts included kidnapping.

**In violation of 18 U.S.C. § 242.**

**<u>COUNT ELEVEN</u>**
**Deprivation of Rights Under Color of Law**
**(18 U.S.C. § 242)**

On or about June 1, 2024, in the Southern District of Texas and within the jurisdiction of the Court, the Defendant,

**JOEY LAMAR ELLIS,**

while acting under color of law as an urban park ranger with the City of Houston, Parks and Recreation Department, willfully deprived Victim I of liberty without due process of law, which includes the right to be secure against unreasonable searches and seizures, the right not to be deprived of property without the due process of law, the right to be free from the use of unreasonable force, and the right to bodily integrity and bodily privacy, all of which are rights protected by the Constitution and laws of the United States. Specifically, the Defendant detained Victim I in a city park and stated that he would be charged with a crime, imprisoned, and his car towed. The Defendant told him he could pay money to avoid this and, as a result, obtained money from him. The Defendant also engaged in sexual acts with Victim I without his consent. These acts resulted in bodily injury, and included kidnapping, sexual abuse, aggravated sexual abuse, and attempt to commit sexual abuse and aggravated sexual abuse.

**In violation of 18 U.S.C. § 242 and 18 U.S.C. § 250(b)(1).**

**<u>COUNT TWELVE</u>**
**Deprivation of Rights Under Color of Law**
**(18 U.S.C. § 242)**

On or about June 9, 2024, in the Southern District of Texas and within the jurisdiction of the Court, the Defendant,

**JOEY LAMAR ELLIS,**

while acting under color of law as an urban park ranger with the City of Houston, Parks and

Case 4:24-cr-00608 Document 63 Filed 05/12/26 in TXSD Page 12 of 15

Recreation Department, willfully deprived Victim J of liberty without due process of law, which includes the right to be secure against unreasonable searches and seizures, the right not to be deprived of property without the due process of law, the right to be free from the use of unreasonable force, and the right to bodily integrity and bodily privacy, all of which are rights protected by the Constitution and laws of the United States. Specifically, the Defendant detained and searched Victim J in a city park and stated that he would be charged with a crime, imprisoned, and his car towed. The Defendant told him he could pay money to avoid this and, as a result, obtained money from him. The Defendant also fondled Victim J without his consent. These acts included kidnapping and abusive sexual contact.

**In violation of 18 U.S.C. § 242 and 18 U.S.C. §§ 250(b)(4)(A) and (b)(5)(A).**

**COUNT THIRTEEN**
**Deprivation of Rights Under Color of Law**
**(18 U.S.C. § 242)**

On or about June 10, 2024, in the Southern District of Texas and within the jurisdiction of the Court, the Defendant,

**JOEY LAMAR ELLIS,**

while acting under color of law as an urban park ranger with the City of Houston, Parks and Recreation Department, willfully deprived Victim K of liberty without due process of law, which includes the right to be secure against unreasonable searches and seizures, the right not to be deprived of property without the due process of law, the right to be free from the use of unreasonable force, and the right to bodily integrity and bodily privacy, all of which are rights protected by the Constitution and laws of the United States. Specifically, the Defendant detained and searched Victim K in a city park and stated that he would be charged with a crime, imprisoned, and his car towed. The Defendant told him he could pay money to avoid this and, as a result,

obtained money from him. The Defendant also engaged in sexual acts with Victim K without his consent. These acts resulted in bodily injury and included kidnapping, sexual abuse, and aggravated sexual abuse.

**In violation of 18 U.S.C. § 242 and 18 U.S.C. §§ 250(b)(1).**

**COUNT FOURTEEN**
**Deprivation of Rights Under Color of Law**
**(18 U.S.C. § 242)**

On or about June 10, 2024, in the Southern District of Texas and within the jurisdiction of the Court, the Defendant,

**JOEY LAMAR ELLIS,**

while acting under color of law as an urban park ranger with the City of Houston, Parks and Recreation Department, willfully deprived Victim L of liberty without due process of law, which includes the right to be secure against unreasonable searches and seizures, the right not to be deprived of property without the due process of law, the right to be free from the use of unreasonable force, and the right to bodily integrity and bodily privacy, all of which are rights protected by the Constitution and laws of the United States. Specifically, the Defendant detained, searched, and brandished a firearm at Victim L, and had him strip. The Defendant also stated that he would be charged with a crime, imprisoned, and his car towed. The Defendant told him he could pay money to avoid this and, as a result, obtained money from him. These acts included use, attempted use, and threatened use of a dangerous weapon and kidnapping.

**In violation of 18 U.S.C. § 242.**

**<u>COUNT FIFTEEN</u>**
**Brandishing a Firearm During and in Relation to a Crime of Violence**
**(18 U.S.C. § 924(c)(1)(A))**

On or about June 10, 2024, in the Southern District of Texas and within the jurisdiction of the Court, the Defendant,

**JOEY LAMAR ELLIS,**

did knowingly brandish, carry and use a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, a violation of a constitutional right under color of law in violation of 18 U.S.C. § 242 as specified in Count Fourteen.

**In violation of 18 U.S.C. § 924(c)(1)(A).**

**<u>COUNT SIXTEEN</u>**
**Obstruction of Justice – Witness Tampering**
**(18 U.S.C. § 1512(b)(3))**

On or about June 10, 2024, in the Southern District of Texas and within the jurisdiction of the Court, the Defendant,

**JOEY LAMAR ELLIS,**

did knowingly intimidate, threaten, corruptly persuade, and engage in misleading conduct toward Victim L with the intent to hinder, delay, and prevent the communication to a law enforcement officer of information relating to the possible commission of a Federal offense, to wit a violation of a constitutional right under color of law in violation of 18 U.S.C. § 242.

**In violation of 18 U.S.C. § 1512(b)(3).**

**<u>NOTICE OF FORFEITURE</u>**
**(18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))**

Pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), the United States of America hereby gives notice that, upon conviction of

Count Six, Count Nine, or Count Fifteen, all firearms and ammunition involved in, or used in any knowing violation of section 924, is subject to forfeiture to the United States, including but not limited to the following: a .380 caliber Smith & Wesson Model MP 380 Shield EZ Semi-Automatic Pistol, serial number RFH2977.

A TRUE BILL

ORIGINAL SIGNATURE ON FILE

GRAND JURY FOREPERSON

JOHN G.E. MARCK
Acting United States Attorney

By: ____________________
SHARAD S. KHANDELWAL
EUN KATE SUH
AMANDA ALUM
Assistant United States Attorneys
713-567-9000